**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1531

GARY MATTOS; DORIS BEEGLE; VICKIE BOGGS; BRADLEY FRENCH; CARLA GURGANUS; STEVEN HALE; JOHN HILL; BENJAMIN ICKES; MICHELLE LAMBERT; JESSICA MERRITT; JOHN MEYERS; CAROLE MILLER; MELISSA POTTER; JIM RIEMAN; LAURIE RUBIN; JOYCE STONER; RUSSELL STOTT; LARRY TEETS, on behalf of themselves and all those similarly situated,

             Plaintiffs - Appellants,

    and

KIMBERLY GRIFFITH,

             Plaintiff,

        v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, COUNCIL 3,

             Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:19-cv-02539-GLR)

Submitted:  August 29, 2022                Decided:  September 16, 2022

Before KING and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brian K. Kelsey, Reilly Stephens, LIBERTY JUSTICE CENTER, Chicago, Illinois; Aaron Solem, NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, Springfield, Virginia, for Appellants.  Leon Dayan, Jacob Karabell, BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Mattos, an employee of the Maryland Department of Public Safety and Correctional Services, along with various other Maryland state employees (collectively "Appellants"), appeal from the district court's order dismissing their putative class action complaint pursuant to 42 U.S.C. § 1983 against the American Federation of State, County and Municipal Employees, AFL-CIO, Council 3 ("AFSCME"), a labor union that represented Maryland public sector employees. Appellants filed their complaint after the Supreme Court decided, in *Janus v. American Federation of State, County & Municipal Employees Council 31*, 138 S. Ct. 2448, 2486 (2018), that "public-sector unions may no longer extract agency fees from nonconsenting employees." The complaint alleged that Appellants, who were not union members, were required to pay agency fees to AFSCME as a condition of employment pursuant to a collective bargaining agreement AFSCME had with the State from 2011 to 2018. Appellants sought to recover the amounts paid in agency fees prior to the *Janus* decision. The district court granted AFSCME's Fed. R. Civ. P. 12(b)(6) motion to dismiss, finding that Appellants' claim was barred by AFSCME's good-faith defense. We affirm.

On appeal, Appellants argue that the district court erred in allowing AFSCME to assert a good-faith defense to its 42 U.S.C. § 1983 claim, and that this court should decline to recognize a good-faith defense. However, after Appellants' brief was filed, we decided the issue of whether a union can assert a good-faith defense in a *Janus* claim under § 1983 in *Akers v. Maryland State Educ. Ass'n*, 990 F.3d 375 (4th Cir. 2021). We concluded, in accordance with six other courts of appeals, that the good-faith defense is available to

private parties sued under § 1983, and that the union was entitled to assert the good-faith defense in the *Janus* context. *Id.* 380-83. Because *Akers* directly applies to the legal question at issue here, we hold that the district court did not err in determining that AFSCME was entitled to assert a good-faith defense and granting AFSCME's motion to dismiss.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*